# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VINCENT REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-cv-365-RLW |
| ) | |
| DOMESTIC RELATIONS SECTION/ ) | |
| FLORISSANT COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Vincent Reed for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will therefore be granted. In addition, the Court will dismiss the complaint, without prejudice.

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must review a complaint when it is filed and dismiss it if subject matter jurisdiction is lacking. Moreover, a complaint filed *in forma pauperis* must be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915. Having reviewed the complaint in this case, the Court finds that it must be summarily dismissed for lack of subject matter jurisdiction.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against "Domestic Relations Section/Florissant County" and "Missouri Child Support Enforcement Services." (Docket No. 1). Plaintiff claims that the defendants deprived him of his rights in conjunction with proceedings in which child support orders were being enforced against him. Plaintiff claims that

he has suffered various penalties, including incarceration, loss of his real estate license, and damage to his credit rating. As relief, plaintiff asks the Court to terminate the three child support cases, restore his credit, expunge his record, give him a full refund, restore his real estate license, and enjoin the state agency. He also seeks monetary damages in an unspecified amount.[1]

Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). With the exception of habeas cases, "review of state court decisions may be had only in the Supreme Court." *Id.* In addition, this Court lacks jurisdiction over the subject matter of this case, i.e., state cases involving child support. "The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1858), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citation amended). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id.* For the foregoing reasons, the Court must dismiss this action for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

---

[1] The Court takes judicial notice of two similar cases previously filed by plaintiff and dismissed due to lack of jurisdiction: *Reed v. Collier, et al.*, Case No. 4:13-cv-2565-CAS (E.D. Mo. Feb. 6, 2014) and *Reed v. Missouri Child Support Enforcement*, Case No. 4:12-cv-1391-CAS (E.D. Mo. Sept. 5, 2012). *See United States v. Morris*, 451 F.2d 969, 972 (8th Cir. 1971) (The district court may take judicial notice of its own records).

2

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of March, 2018.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE